ACCEPTED
01-14-00133-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/5/2015 3:11:05 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00133-CV

In the
Court of Appeals
for the First District of Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/5/2015 3:11:05 PM
CHRISTOPHER A. PRINE
Clerk

**UNITED SERVICES AUTOMOBILE ASSOCIATION,**

*Appellant/Cross-Appellee,*

**v.**

**JOSEPH HAYES, JR. AND JOANNE HAYES,**

*Appellees/Cross-Appellants.*

**RESPONSE TO USAA'S MOTIONS FOR LEAVE
TO FILE SUPPLEMENTAL BRIEF AS APPELLANT
AND TO EXCEED THE WORD LIMITS**

TO THE HONORABLE COURT OF APPEALS:

USAA's motions for leave to file a supplemental brief and to exceed the word limits should be denied. By way of its supplemental brief—filed months after all the briefing has closed and more than 30 days after the cause has been submitted—USAA seeks to raise several entirely new issues that could have been, and should have been, raised in its opening brief. *See* TEX. R. APP. P. 38.1(f) ("The [opening] brief must state concisely all issues or points presented for review."). USAA offers no explanation for its failure to have raised these issues in its opening

46634_1

brief. Nor does USAA attempt to show why "justice requires" that it be allowed to raise new issues at this late date. *See* TEX. R. APP. P. 38.7 (providing that a brief may be supplemented "whenever justice requires, on whatever reasonable terms the court may prescribe"). Justice does not require the Court to abandon well-established error-preservation and appellate-briefing requirements at this late stage of the appellate process. In these circumstances, the Court should deny State Farm's request to supplement its briefing with new issues, new arguments, and new authorities.

As USAA acknowledges, when Mr. and Mrs. Hayes filed their appellees' brief, Mr. and Mrs. Hayes pointed out USAA's failure to have challenged the jury's findings (1) that USAA violated the Texas Insurance Code, and (2) that $20,000 would fairly and reasonably compensate Mr. and Mrs. Hayes for their damages that were caused by USAA's violations of the Insurance Code. *See* Hayes Br. as Appellees at 14-15. The Hayeses' brief was filed on December 19, 2014.

USAA was aware of the Hayeses' argument and responded to it in a footnote in its reply brief filed on January 29, 2015. *See* USAA Reply Br. at 2 n.1. But USAA did not brief the new issues, arguments, and authorities it now wants to raise. *Id.* And USAA did not request leave to supplement or amend its appellant's brief to add these new issues, arguments or authorities. *Id.*

This Court has repeatedly held that "the rules of appellate procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's brief but not raised in the appellant's opening brief." *Miner Dederick Const., L.L.P v. Gulf Chem. & Metallurgical Corp.*, 403 S.W.3d 451, 463 n.3 (Tex. App—Houston [1st Dist.] 2013), *pet denied*, 455 S.W.3d 164 (Tex. 2015). "An appellant is required to present all issues to be considered on appeal in appellant's brief." *Brockman v. Tyson*, 01-03-01335-CV, 2005 WL 2850128, at *3 n.2 (Tex. App—Houston [1st Dist.] Oct. 27, 2005, pet. denied). Furthermore, "[a] failure to provide substantive analysis of an issue or cite appropriate authority waives the complaint." *Wise v. Conklin*, No. 01-13-00840-CV, 2015 WL 1778612, at *4 (Tex. App—Houston [1st Dist.] April 16, 2015, no pet.); *accord Anderson v. Houston Community College Sys.*, No. 01-14-00062-CV, 2015 WL 174233, at *10 (Tex. App—Houston [1st Dist.] Jan. 13, 2015, no pet.) (same).

More than eight months have passed since USAA filed its opening brief as appellant, and more than four months have passed since USAA filed its reply brief. The case was argued and submitted more than a month ago. Yet only on Monday, June 1, 2015 did USAA contact counsel for Mr. and Mrs. Hayes regarding a request to amend or supplement its appellant's brief, and only on Monday, June 1, 2015 did USAA file a motion for leave to supplement its eight-month-old brief as appellant.

USAA's motion for leave does not explain why USAA did not include the new arguments and authorities in its opening brief; USAA's motion does not explain USAA's delay in seeking to amend its brief; and USAA's motion does not explain why its new arguments and authorities must be addressed in the interest of justice. It is not in the interest of justice for the Court to overlook well-and-long-established error preservation rules and briefing requirements. *See Wilson v. State*, 01-11-01125-CR, 2015 WL 1501812, at *9-10 (Tex. App.—Houston [1st Dist.] March 31, 2015, pet. filed) (concluding that justice did not require the Court to overlook briefing requirements to address constitutional arguments that were not included in the appellant's initial brief); *Green v. State*, 01-00-00188-CV, 2002 WL 24363, at *3 (Tex. App—Houston [1st Dist.] Jan. 10, 2002, pet ref'd) (declining to address argument included in amended brief filed three months after the deadline for original brief had expired "because appellant has not explained why it was not included in the original brief or why it must be addressed in the interest of justice").

Furthermore, USAA's assertion that its new arguments are "extremely basic" is disingenuous and inaccurate. *See* USAA Motion for Leave at 2-3 *and compare USAA Texas Lloyd's Co. v. Menchaca*, No. 13-13-00046-CV, 2014 WL 3804602 (Tex. App.—Corpus Christi July 31, 2014, pet. filed). USAA and its lawyers have dedicated many, many pages of briefing to the argument that a

plaintiff's failure to obtain a breach of contract finding precludes the plaintiff's recovery of policy-benefit damages. *Id.* USAA lost that argument in *Menchaca* (in an opinion it does not disclose), but USAA certainly understands what it takes to brief the argument. And that is only one of several new arguments and issues that USAA seeks to add to the case after it has been submitted.

For all of the reasons Mr. and Mrs. Hayes have argued in their brief of appellees, the Court should reject USAA's challenges to the jury's finding that USAA failed to comply with the insurance policy. By affirming the trial court's judgment for Mr. and Mrs. Hayes based on the jury's breach of contract findings, the Court can avoid any need to address USAA's failure to brief any argument challenging Mr. and Mrs. Hayes' recovery under the Insurance Code. *See, e.g., United Nat. Ins. Co. v. AMJ Investments, LLC*, 447 S.W.3d 1, 11 (Tex. App.—Houston [14th Dist.] 2014, pet. dism'd) ("If a property insurer fails to pay the full amount of the claim as a result of an unfair claim-settlement practice under the Insurance Code, the insured may elect to recover its damages under either a breach-of-contract or a statutory-violation theory.").

This case began in the court of appeals in February 2014.  USAA filed its brief of appellant on September 26, 2014 and its reply brief on January 29, 2015, and the case was argued and submitted on April 29, 2015.  The Court should not reopen the briefing after submission and allow USAA to add new issues, arguments, and authorities at this late stage of the proceedings.

## PRAYER

Appellees, Joseph Hayes, Jr. and Joanne Hayes, ask the Court to deny USAA's motions for leave to file a supplemental brief as appellant and to exceed the word limits.  Appellees also pray for any other relief to which they may be entitled.

Respectfully Submitted:

THE MOSTYN LAW FIRM

René M. Sigman
State Bar No. 24037492
rmsigman@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
713.861.6616–telephone
713.861.8084–facsimile


CASHIOLA & BEAN

Randal Cashiola
State Bar No. 03966802
rcashiola@cashiolabeanlaw.com
2090 Broadway Street, Suite A
Beaumont, Texas 77701-1944
409.813.1443–telephone

HOGAN & HOGAN

By: */s/ Jennifer Bruch Hogan*
    Jennifer Bruch Hogan
    State Bar No. 03239100
    jhogan@hoganfirm.com
Richard P. Hogan, Jr.
State Bar No. 09802010
rhogan@hoganfirm.com
James C. Marrow
State Bar No. 24013103
jmarrow@hoganfirm.com
Pennzoil Place
711 Louisiana, Suite 500
Houston, Texas 77002
713.222.8800–telephone
713.222.8810–facsimile

409.813.1467–facsimile

ATTORNEYS FOR APPELLEES

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was forwarded to all counsel of record by the Electronic Filing Service Provider, if registered; a true and correct copy of this document was forwarded to all counsel of record not registered with an Electronic Filing Service Provider and to all other parties as follows:

Kevin G. Cain
Levon G. Hovnatanian
Christopher W. Martin
MARTIN, DISIERE, JEFFERSON
& WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
*Via TexFile*

*/s/ Jennifer Bruch Hogan*
Jennifer Bruch Hogan
Dated: June 5, 2015